16-3828-cr
United States of America v. Duartez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand eighteen.

Present:
> AMALYA L. KEARSE,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                                          16-3828-cr

ARISTIDES DUARTEZ, JR., AKA Aristedes
Duartez, Jr.,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | GRANT C. JAQUITH, United States Attorney for the Northern District of New York (Rajit S. Dosanjh, Assistant United States Attorney, *on the brief*), Syracuse, NY. |
| For Defendant-Appellant: | LISA A. PEEBLES, Federal Public Defender (James P. Egan, Assistant Federal Public Defender, *on the brief*), Syracuse, NY. |

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Aristides Duartez, Jr. ("Duartez") challenges his conviction and sentence under 18 U.S.C. § 924(c) in the United States District Court for the Northern District of New York (McAvoy, *J.*). On April 26, 2016, the district court denied Duartez's motion to dismiss the charge against him under that provision. On May 24, 2016, Duartez pled guilty to that charge, along with one count of Hobbs Act robbery, 18 U.S.C. § 1951(a), while preserving the right to appeal the district court's prior order. On appeal, Duartez argues that his predicate offense of Hobbs Act robbery does not qualify as a "crime of violence" as defined under § 924(c)(3)(A), and that the alternative definition of "crime of violence" under § 924(c)(3)(B) is unconstitutionally void for vagueness. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Section 924(c) imposes criminal penalties on "any person who, during and in relation to any crime of violence . . ., uses or carries a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). Subsection (c)(3) then defines the term "crime of violence" as "an offense that is a felony" and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). We refer to § 924(c)(3)(A) as the "force clause" and § 924(c)(3)(B) as the "risk-of-force clause." On appeal, Duartez challenges the district court's refusal to dismiss the charge

2

against him under § 924(c) by arguing that Hobbs Act robbery does not constitute a "crime of violence" under either clause's definition.

Duartez first argues that Hobbs Act robbery does not qualify as a "crime of violence" under the "force clause." That argument is squarely foreclosed by Second Circuit precedent holding that Hobbs Act robbery does, in fact, categorically qualify as a "crime of violence" under the "force clause" of § 924(c)(3)(A). *See United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018). Because Duartez's conviction under § 924(c) may stand on that ground alone, we need not address his second argument that the "risk-of-force clause" is unconstitutionally void for vagueness under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Duartez's predicate offense of Hobbs Act robbery constitutes a "crime of violence" under § 924(c)(3)(A), so the district court properly denied his motion to dismiss the charge against him under § 924(c).

\* \* \*

For the above-stated reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3